**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | CASE NO. 4:12cv630 |
| | § | Judge Clark/Judge Mazzant |
| VICKY SHARON JOHNSON, EILEEN F. HEAD, and TURRERTINE-JACKSON-MORROW, | § § § § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On April 30, 2013, the report of the Magistrate Judge entered containing proposed findings of fact and recommendations that Vicky Sharon Johnson's Motion for Entry of Default Judgment Pursuant to FRCP 55(b)(2) [Doc. #27] be denied [Doc. #29]. On May 14, 2013, Vicky Johnson filed Objections to Magistrate Judge's Report and Recommendation [Doc. #31].

On November 16, 2012, Vicky Johnson ("Johnson") filed in this court a complaint for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, alleging that she was the true and rightful beneficiary of a life insurance policy insuring the life of Russell Dean Johnson ("Decedent"). Eileen F. Head ("Head") was served with a copy of Johnson's summons and complaint on December 8, 2012, as reflected on the docket sheet by the proof of service filed on January 16, 2013. An

answer to the complaint was due on December 29, 2012. Head failed to timely answer or defend this suit. Head also signed a Waiver of Service of Summons in response to the Complaint filed by Metropolitan Life Insurance. Head failed to file an answer within 60 days. The Clerk entered default as to Head on January 25, 2013. On February 21, 2013, Johnson filed her Motion for Default Judgment. On April 12, 2013, Head filed a *pro se* answer asserting that she was the true beneficiary of the basic life insurance policy.

On April 30, 2013, the Magistrate Judge recommended denial of the motion for default judgment, finding that there would be no prejudice to Johnson to allowing the case to be decided on the merits. The Magistrate Judge also considered the general policy favoring settling disputes on the merits.

Johnson filed objections. At the time of his death, Johnson was the wife of Decedent and Head was the ex-wife. Johnson objects to the recommendation, asserting that Head failed to meet her burden to have a default set aside. The Magistrate Judge correctly sets out the relevant policies that the court should consider in deciding to enter a default judgment. The court also recognizes that the decision to enter a default judgment is discretionary. Johnson takes the position that a default judgment would not lead to a harsh result because Head has already received over $200,000 in life insurance as a result of Decedent's death, whereas Johnson has received nothing. Although the court understands the frustration in Johnson's situation, the court favors settling disputes on the merits. Although Head filed a late answer, the court should now proceed to make a determination on the merits.

Even if Head is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "In fact, '[d]efault

judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).   Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger—Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03–CV–923–M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

The court agrees with the Magistrate Judge that a default judgment should not be entered in this case.  Johnson has failed to demonstrate any prejudice in this case. The drastic remedy of a default judgment against Head is not appropriate based upon the facts of this case.  The bottom line is that Head has now filed an answer.  The court agrees with the Magistrate Judge's handling of these matters, and finds no error.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Johnson [Doc. #31], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Vicky Sharon Johnson's Motion for Entry of Default Judgment Pursuant to FRCP 55(b)(2) [Doc. #27] is **DENIED**.

So **ORDERED** and **SIGNED** this **2**   day of **July, 2013.**

_____
Ron Clark, United States District Judge